UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TINA BROOKS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:12-CV-1463 |
| § | |
| BANK OF NEW YORK MELLON F/K/A § | |
| BANK OF NEW YORK, AS TRUSTEE FOR § | |
| THE CERTIFICATE HOLDERS CWALT, § | |
| INC., ALTERNATIVE LOAN TRUST 2006- § | |
| OC6 MORTGAGE PASS-THROUGH § | |
| CERTIFICATES, SERIES 2006-OC6, *et al*, § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER

Pending before the Court is a Motion for Summary Judgment (Doc. 7) and a Motion to Reurge and Request for Court Ruling on Motion for Summary Judgment (Doc. 13) filed by Defendants, Bank of New York Mellon f/k/a Bank of New York, as Trustee for the Certificate Holders CWALT, Inc., Alternative Loan Trust 2006-OC6 Mortgage Pass-Through Certificates, Series 2006-OC6, incorrectly named as Bank of New York Mellon, f/k/a The Bank of New York ("BONY") and Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing ("BAC") (collectively, "Defendants"). Plaintiff Tina Brooks ("Brooks") has not filed a response to either the motion for summary judgment or the motion to reurge the motion for summary judgment; thus, under Local Rule 7.4, both motions are deemed unopposed.

Having considered the merits of the motions, the facts in the record, and the applicable law, the Court concludes that both motions should be granted.

## I.      Background

In 2006, Brooks financed the purchase of the real property located at 2914 Wheeler Street, Houston, Texas 77004 (the "Property") by executing a Note (Doc. 7, Ex. A-1) and Deed of Trust (Doc. 7, Ex. A-2) in favor of Decision One Mortgage Company, LLC ("Decision One"). Pl. Original Pet. ¶ 7 (Doc. 1-1).  The Note was indorsed in blank and was assigned to BONY on April 6, 2011.  Assignment (Doc. 7, Ex. A-5).  Brooks defaulted under the terms of the Note in February 2007.  Decl. of Michelle L. Jones ¶ 6 (Doc. 7, Ex. A); Loan History (Doc. 7, Ex. A-3). The Property was foreclosed in August 2008.  Doc. 1-1 ¶ 8.  In October 2009, the foreclosure was rescinded and the loan was restored when BAC decided to review Brooks for a possible loan modification.  *Id.* ¶ 9.  Brooks alleges that between 2009 and 2011, she worked with multiple loan counselors to obtain a modification.  *Id.* ¶¶ 10–11.  Each counselor required her to complete a new "loan modification package," which included forms and financial documentation, in order to assess her eligibility for a modification.  *Id.*   The last loan modification package was requested in May 2011.  *Id.* ¶ 10.   Brooks alleges that she complied with the request by resubmitting all of the forms and financial documentation, but was informed by the loan counselor in July 2011 that the information was not received in time and the loan would be foreclosed.  *Id.* ¶ 11.  Brooks was never approved for a loan modification.  Doc. 7, Ex. A ¶ 7.  On July 8, 2011, the mortgage servicer, BAC, sent Brooks a notice of intent to accelerate and notice of substitute trustee's sale.  *Id.* ¶¶ 8–9.  Notice of Default (Doc. 7, Ex. A-6); Notice of Substitute Trustee's Sale (Doc. 7, Ex. A-6).  Defendants foreclosed on the Property on August 2, 2011. Doc. 7, Ex. A ¶¶ 8–10; Substitute Trustee's Deed (Doc. 7, Ex A-8).

Brooks alleges that BAC intentionally misrepresented that she was being considered for a loan modification by "[leading] her to believe that they were trying to help her through this

process…"  Doc. 1-1 ¶¶ 11–12.  She states that Defendants "intentionally misrepresented [their] intentions in order to prevent Plaintiff from seeking relief through bankruptcy prior to foreclosure."  *Id.* ¶ 15.  Brooks states that she detrimentally relied on BAC's misrepresentations by discontinuing payments to BAC and not filing for bankruptcy protection.  *Id.* ¶¶ 12–14.

On April 9, 2012, Brooks filed her Original Petition in state court asserting causes of action for (1) fraud, (2) wrongful foreclosure due to fraud, (3) wrongful foreclosure due to failure to properly notice, (4) slander of title, (5) promissory estoppel, (6) unreasonable collection.  Doc. 1-1.  She seeks monetary damages, attorneys' fees, an accounting of funds received prior to and at the foreclosure sale, an order requiring Defendants to produce documentation of their ownership of the Note, and an order prohibiting Defendants from interfering with Plaintiff's possession of the property.  Defendants timely removed the case to this Court, and subsequently filed a joint motion for summary judgment.  Doc. 7.

## II.    Legal Standard

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The substantive law governing the claims determines the elements essential to the outcome of the case and thus determines which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Where the nonmovant bears the burden of proof at trial, the movant need only point to the absence of evidence supporting an essential element of the nonmovant's case; the movant does not have to support its motion with evidence negating that case.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  If the movant succeeds, the nonmovant can defeat the motion for summary judgment only by

identifying specific evidence of a genuine issue of material fact. *Anderson*, 477 U.S. at 248-49.

## III.   Discussion

In their motion for summary judgment, Defendants maintain that Brooks' claims fail as a matter of law either because necessary elements are omitted or she does not plead sufficient facts to support each claim. In addition, Defendants argue that Brooks' fraud claim does not meet the heightened pleading standard under Fed. R. Civ. P. 9. Doc. 7 ¶¶ 25–28. Brooks did not file a response. For the reasons set forth below, Defendants are entitled to summary judgment on each of Brooks' claims.

### A.   *Fraud*

To state a claim for fraud under Texas law, a plaintiff must allege that "(1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the misrepresentation with the intent that the other party should act upon it; (5) the party acted in reliance on the misrepresentation; and (6) the party thereby suffered injury. *In re FirstMerit Bank, N.A.,* 52 S.W.3d 749, 758 (Tex. 2001). A false representation is material if a reasonable person would attach importance to, and be induced to act on, the information. *Shandong Yinquang Chem., Indus. Jt. Stock Co. v. Potter*, 607 F.3d 1029, 1033 (5th Cir. 2010). Under Rule 9(b) of the Federal Rules of Civil Procedure, plaintiffs alleging fraud must "state with particularity the circumstances constituting the fraud or mistake." Fed. R. Civ. P. 9(b). In order to articulate the elements of fraud with sufficient particularity, a plaintiff must state the "who, what, when, . . . where," and why. *ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 349 (5th Cir. 2002) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997)).

In support of her fraud claim, Brooks merely references her prior factual summary of Defendants' conduct in dealing with her foreclosure, which states, essentially, that Defendants led her to believe they were assisting her with and/or considering her for a loan modification when they were not and that she acted in reliance on the misrepresentations by discontinuing her payments and not filing for bankruptcy.  Doc. 1-1 at 4.  Although Brooks supplies the names of the loan counselors with whom she spoke and gives general dates of her contact with them, she does not specify any false statements that were made.  Her vague allegations as to the "what" and "why"—including her conclusory explanation that Defendant's representations were fraudulent because they intended to prevent her from seeking relief through bankruptcy prior to foreclosure—are not sufficient to plead a claim of fraud with the particularly required by Rule 9(b).  Furthermore, Brooks does not allege that Defendants misrepresented to her that she would actually receive a loan modification or that the pendency of her application for modification relieved her from making monthly payments.  Without more, the Court finds that Brooks has failed to satisfy the heightened pleading requirements of Rule 9(b).  Therefore, the Defendants are entitled to summary judgment on Brooks' fraud claim.

### B.    *Wrongful Foreclosure*

A plaintiff asserting wrongful foreclosure must show "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price."  *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.).  Additionally, there must be evidence of an irregularity that "caused or contributed to cause the property to be sold for a grossly inadequate price."  *In re Keener*, 268 B.R. 912, 921 (N.D. Tex. 2001) (citing *Am. Sav. & Loan Ass'n of Hous. V. Musick*, 531 S.W.2d 581, 587 (Tex. 1975).  Under Texas law, a "grossly inadequate

price would have to be so little as 'to shock a correct mind.'" *Martins v. BAC Home Loans Servicing, L.P.*, 772 F.3d 249 (5th Cir. 2013).

Brooks alleges wrongful foreclosure due to fraud and wrongful foreclosure for failure to properly give notice of foreclosure sale.  The wrongful foreclosure due to fraud claim is based on Plaintiff's allegations that Defendant's representations "were false, material, and were made … with the intention that Plaintiff rely on those false and material representations."  Doc. 1-1 at 5. In support of her claim for wrongful foreclosure for failure to properly give notice, Brooks states, "it is believed that Defendant failed to follow Texas requirements for acceleration of note of foreclosure sale."  *Id.*

Brooks' claim for wrongful foreclosure due to fraud is based on the same allegations of fraud above that fail to satisfy the pleading-with-specificity requirement under Rule 9(b).  She does not plead a defect in the foreclosure proceedings or an inadequate sale price, nor a connection between the two—all essential elements of a wrongful foreclosure claim.  Doc. 4 at 7–8.  Brooks simply offers conclusory allegations and unsupported facts which are insufficient to support this claim.

As for Brooks' claim of wrongful foreclosure due to failure to properly notice, § 51.002(e) of the Texas Property Code requires only constructive notice, i.e., service of notice is complete when it is deposited in U.S. certified mail, so the fact that the borrower may not have received it is not dispositive. *Adepo v. Litton Loan Servicing, L.P.,* No. 01–07–00708–CV, 2008 WL 2209703, * 4 (Tex.App.-Houston [1st Dist.] May 29, 3008, no pet.); *Hill v. Fremont Inv. & Loan,* No. 05–02–01438–CV, 2004 WL 1178607, *3 (Tex.App.-Dallas May 28, 2004). Defendants have offered evidence that notice was sent.  *See* Notice of Default (Doc. 7, Ex. A-6); Notice of Substitute Trustee's Sale (Doc. 7, Ex. A-6).  Furthermore, Brooks has not alleged how

the foreclosure notice provided by Wells Fargo was inadequate.  In fact, Brooks acknowledges that she knew the Property was set to be foreclosed upon and had knowledge of the specific foreclosure date, indicating that she had received notice.  Doc. 1-1 at ¶ 14.

Finally, under Texas law, recovery under a wrongful foreclosure claim is based on the mortgagor's possession.  *Petersen v. Black,* 980 S.W.2d 818, 823 (Tex.App.—San Antonio 1998, no pet.) ("Recovery [for wrongful foreclosure] is conditioned on the disturbance of the mortgagor's possession "based on the theory that the mortgagee must have committed a wrong similar to the conversion of personal property.").  "Where the mortgagor's possession is undisturbed, he has no compensable damage."  *Id.*  Here, Brooks' retention of possession bars her wrongful foreclosure claim.  *Medrano v. BAC Home Loans Servicing, LP.,* Civ. A. No. 3:10–CV–02565–M (BF), 2012 WL 4174890, *3 (N.D. Tex. Aug.10, 2012) ("Plaintiffs never lost possession of the Property and are seeking damages for an attempted wrongful foreclosure.  An attempted foreclosure is not an action recognized under Texas law.") (and cases cited therein); *Motten v. Chase Home Fin.,* 831 F.Supp.2d 988, 1007 (S.D. Tex. 2011).  Accordingly, Defendants are entitled to summary judgment on Brooks' claims for wrongful foreclosure.

### C.    *Slander of Title*

Brooks alleges that Defendant and its predecessor "have not received a conveyance of title and/or rights from the original mortgagee, Decision One Mortgage Company, LLC, nor from any legitimate successor in interest."  Doc. 1-1 at 5.  These allegations are in substance, if not in form, an action to quiet title—not an action for slander of title.

A suit to quiet title is an equitable action in which the plaintiff seeks to recover possession of property wrongfully withheld.  *Reardean v. Citi Mortg., Inc.,* Civ. A. No. A–11–CA–420–SS, 2011 WL 3268307 at *5 (W.D. Tex. July 25, 2011), citing *Poretto v. Patterson,*

251 S.W.3d 701, 708 (Tex. App.—Houston [1st Dist] 2007, no pet.).  The cause of action "exists 'to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'"  *Morlock, L.L.C. v. Bank of Am., N.A.,* CIV.A. H–12–0364, 2012 WL 1640895, at *3 (S.D. Tex. May 8, 2012) (quoting *Thomson v. Locke,* 66 Tex. 383, 1 S.W. 112, 115 (1886)).  The elements of a quiet title claim include: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable."  *Id.* (citing *U.S. Nat. Bank Ass'n v. Johnson,* No 01–10–00837–CV, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011).  "To quiet title in his favor, the plaintiff 'must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference.'"  *Reardean,* 2011 WL 3268307, at *5 (quoting *Wright v. Matthews,* 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied)).  Lastly, "a plaintiff can only recover on a quiet title claim by establishing the strength of his own title; attacking the weakness of the defendant's title will not suffice."  *Morlock,* 2012 WL 1640895, at *3 (citing *Fricks v. Hancock,* 45 S.W.3d 322, 327 (Tex .App.—Corpus Christi 2001)).

In this case, Brooks does no more than challenge the validity of BONY's ability to foreclose by asserting "Defendant and its predecessor have not received a conveyance of title and/or rights from the original mortgagee, Decision One, nor from any legitimate successor in interest."  Doc 1-1 at 5.  Brooks fails to allege that she has superior title, and thereby fails to state a claim to quiet title.  Moreover, Brooks lacks standing to challenge the validity of the mortgage transfer from Decision One to BONY.  "[A] nonparty to the mortgage assignment ... does not have standing to contest it."  *Hazzard v. Bank of Am., NA,* Civ. A. No. C–12–127, 2012 WL 2339313 at *3 (S.D. Tex. June 19, 2012) (citing *Schieroni v. Deutsche Bank Nat'l Trust Co.,* Civ.

A. No. H–10–663, 2011 WL 3652194 at *5 (S.D. Tex. Aug. 18, 2011); *McAllister v. BAC Home Loans Servicing, LP,* Civ. A. No. 4:10–CV–504, 2011 WL 2200672, at *5 (E.D. Tex. Apr. 28, 2011)); *Metcalf v. Deutsche Bank Nat'l Trust Co.*, Civ. A. No. 3:11-CV-3014-D, 2012 WL 2399369, at *5 (N.D. Tex. June 26, 2012). Because Brooks was not a party to the assignment, she does not have standing to contest its validity. Brooks' claim for slander of title/ quiet title fails as a matter of law and Defendants' are entitled to summary judgment on this claim.

### D.       *Promissory Estoppel*

Under Texas law, the statute of frauds applies to loan agreements for amounts exceeding $50,000.00 and requires that they be in writing and signed by the party to be bound in order to be enforceable. Tex. Bus. Code Ann. § 26.02(2)(a)–(b). As read in § 26.02(2) of the Business and Commerce Code, the term "loan agreement" includes promises, promissory notes and deeds of trust. Loan agreements like Brooks', in which the amount involved exceeds $50,000, are not enforceable "unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." *Id.* § 26.02(2)(b). Brooks' original mortgage note was approximately $111,200.00, clearly bringing the agreement within the statute of frauds. *See* Note, Doc. 7, Ex. A-1. "Promissory estoppel is a narrow exception to the statute of frauds." *Hurd v. BAC Home Loans Servicing, LP*, 2012 WL 1106932, at *10 (internal quotations omitted). To state a claim for the defense of promissory estoppel, the plaintiff must allege facts showing (1) a promise; (2) foreseeability of reliance on that promise by the promisor; and (3) substantial reliance on the promise by the promisee to his or her detriment. *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 686 n.25 (Tex. 2002) (citing *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983)). Furthermore, the plaintiff must allege facts showing that "the defendant promised to sign an agreement satisfying the statute of frauds." *Cavil v. Trendmaker Homes,*

*Inc.*, Civ. A. No. G–10–304, 2012 WL 170751, *7 (S.D. Tex. Jan.19, 2012) (citing *"Moore" Burger, Inc. v. Phillips Pet. Co.*, 492 S.W.2d 934, 937 (Tex. 1972).  An alleged oral agreement not to foreclose while a loan modification application is pending would alter the written loan agreement in the promissory note and the deed of trust and thus would be unenforceable unless memorialized in writing.  *Enis v. Bank of America, N.A.*, Civ. A. No. 3:12–CV–0295–D, 2012 WL 4741073, *3 (N.D. Tex. Oct. 3, 2012).

Brooks has pleaded no facts supporting the essential elements of a promissory estoppel claim, nor does she allege that Defendant promised to sign a written agreement documenting the alleged oral modification.  She merely alleges that "Defendant through its employees and agent entered into an oral contract for application and participation in the Making Homes Affordable Program with Plaintiff, then breached the agreement."  Doc. 1-1 at 6.  The statute of frauds bars these allegations of subsequent oral modifications of the loan agreement.  Therefore, Brooks' claim for promissory estoppel must be dismissed.

### E.    Unreasonable Collection

Although not clearly defined in Texas law, a claim for the intentional tort of unreasonable collection efforts has been delineated as "efforts that amount to a course of harassment that was willful, wanton, malicious and intended to inflict mental anguish and bodily harm."  *EMC Mortg. Corp. v. Jones,* 252 S.W.3d 857, 868 (Tex. App.—Dallas 2008, no pet.).  Generally, Texas courts apply this cause of action based on actual collection efforts, such as repeated telephone calls or physically approaching the debtor, that overstep the bounds of routine collection methods and rise to a level of excessive harassment.  *Id.* at 864–65 (lender sent a "large, very intimidating man" who was "yelling and screaming, demanded the keys to the house, and told [plaintiffs'] family to get out").  Debt collection efforts may also be tortious when lenders attempt to collect

debts they are not owed.  *Narvaez*, 757 F. Supp. 2d at 635 (citing *EMC Mortg.,* 252 S.W.3d at 868–69; *Pullins v. Credit Exch. of Dallas., Inc.,* 538 S.W.2d 681, 682–83 (Tex. App.—Waco 1976, no writ)).  Courts distinguish cases such as this, however, where the plaintiff still owes money to the lender, even where that amount is in dispute.  *Id.*  Here, Defendants have shown that Brooks was still indebted to BONY under the Note.

In support of her claim for unreasonable collection, Brooks merely references her prior factual summary of Defendants' conduct in dealing with her foreclosure.  Nowhere in that factual summary is any reference to any actions that would amount to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish.  The mere act of exercising a contractual right to foreclose does not qualify as the type of conduct that the tort of unreasonable collection efforts aims to prevent.  Accordingly, Defendants are entitled to summary judgment on Brooks' claim for unreasonable collection efforts.

###    F.    *Injunctive Relief and Accounting*

Under Texas law, "[i]njunctive relief is simply a form of equitable remedy." *Cook v. Wells Fargo Bank, N.A.*, 2010 WL 2772445, *4 (N.D. Tex. 2010) (citing *Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex. App. 2008)).  Likewise, an accounting is an equitable remedy and not an independent cause of action.  *Henry v. Citimortgage, Inc.*, No. 4:11-cv-82, 2011 WL 2261166, at *8 (E.D. Tex. May 10, 2011). To sustain a claim for injunctive relief or an accounting, a plaintiff must first plead a viable underlying cause of action.  *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002).  Because Plaintiff has failed to plead a single viable underlying claim for which relief may be granted, her requests for injunctive relief and an accounting must also be denied.

**IV.     Conclusion**

For the foregoing reasons, it is hereby

      **ORDERED** that Defendant's Motion for Summary Judgment (Doc. 7) is **GRANTED**

and Plaintiff's complaint (Doc. 1-1) is **DISMISSED**.

      Final judgment will be entered by separate document.

      SIGNED at Houston, Texas, this 31st day of March, 2014.

                                  MELINDA HARMON
                        UNITED STATES DISTRICT JUDGE